**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Jeffery Wilder, Appellant,

v.

Charleston County Board of Voter Registration & Elections, Charleston County Democratic Party, Dorchester County Board of Voter Registration & Elections, Dorchester County Democratic Party, SC Democratic Party, South Carolina Election Commission, Deon Tedder & Deon Tedder, LLC, Respondents.

Appellate Case No. 2020-001232

Appeal From Charleston County
R. Ferrell Cothran, Jr., Circuit Court Judge

Memorandum Opinion No. 2020-MO-012
Submitted October 29, 2020 – Filed November 2, 2020

**AFFIRMED**

Tiffany R. Spann-Wilder, of Spann Wilder Law, LLC, of North Charleston, for Appellant.

Samuel W. Howell, IV, of Howell Linkous & Nettles, LLC, of Charleston, for Respondent Charleston County Board of Elections and Voter Registration; James Todd Rutherford, of The Rutherford Law Firm, LLC, of

Columbia, for Respondent Deon Terrell Tedder; Colleen T. Condon, of Condon Law Firm, LLC, of North Charleston, for Respondent South Carolina Democratic Party and Respondent Charleston & Dorchester County Democratic Parties; Harrison D. Brant, of Columbia, for Respondent South Carolina Election Commission; Mark Andrew Peper, Sr., of The Peper Law Firm, P.A., of Charleston, for Respondent Deon Terrell Tedder.

**PER CURIAM:** Appellant Jeffrey Wilder filed the present action seeking a declaratory judgment that Respondent Deon Tedder is not constitutionally qualified to serve as a candidate for office in South Carolina House District 109. Appellant is appealing the circuit court's order dismissing the case. We affirm.

Appellant[1] originally filed an action challenging Tedder's qualifications as a registered voter in South Carolina House District 109, alleging Tedder was not a resident of the district. The Charleston County Board of Voter Registration & Elections (the Board) held a hearing and found Tedder was not a resident of House District 109, and, therefore, not a qualified voter under S.C. Code Ann. § 7-5-230 (2019 & Supp. 2019) (setting forth the authority and process by which a party may challenge an individual's voter qualifications). Both parties presented evidence on the issue of whether Tedder resided in House District 109. Tedder introduced into evidence an affidavit attesting to his residency, a recent pay stub, his current driver's license, and a copy of his residential sublease. The Board found Tedder's purported residence in the district did not meet the basic definition of "domicile" under S.C. Code Ann. § 7-1-25 (2019) (defining "domicile" for the purposes of South Carolina election law). On appeal, Circuit Court Judge Markley Dennis reversed the Board and found Tedder was a qualified voter in House District 109. Judge Dennis based his ruling on evidence in the record showing Tedder resided in the district. Judge Dennis found Tedder resided in House District 109 pursuant to factors outlined in S.C. Code Ann. § 7-5-25(D) (2019) (setting forth factors a court may consider in determining a person's intention regarding his or her domicile for the purposes of South Carolina election law, and providing domicile may be

---

[1] Tiffany Spann-Wilder filed the initial action challenging Tedder's qualifications as a registered voter in House District 109, and the circuit court granted Appellant's motion to intervene.

established by, among other things, the address on a voter's driver's license and legal and financial documents).

Appellant appealed Judge Dennis's order, and we dismissed the appeal on the ground that Appellant lacked standing to appeal from an order of the Board pursuant to section 7-5-230, which allows only the voter to appeal. *Tedder v. Bd. of Voter Registration & Elections for Charleston Cty.*, S.C. Sup. Ct. Order dated Oct. 9, 2020.

Appellant filed the present declaratory judgment action asking the circuit court to declare Tedder was not a properly qualified candidate to run for office in House District 109 at the time he filed his Statement of Intention of Candidacy (SIC) because he was not a legal resident of the district at the time of filing as required by article III, section 7 of the South Carolina Constitution ("A candidate for the Senate or House of Representatives must be a legal resident of the district in which he is a candidate at the time he files for the office."). Tedder filed a motion to dismiss.

Following a hearing on Tedder's motion to dismiss, Circuit Court Judge Ferrell Cothran issued an order adopting the findings of fact and conclusions of law contained in Judge Dennis's order and dismissing the case. Judge Cothran further concluded the doctrine of collateral estoppel barred Appellant from re-litigating the issue of Tedder's domicile because that issue was litigated before Judge Dennis. *See Shelton v. Oscar Mayer Food Corp.*, 325 S.C. 248, 251, 481 S.E.2d 706, 707 (1997) (holding collateral estoppel, or issue preclusion, prevents a party from re-litigating an issue that was actually and necessarily litigated and determined in a prior action).

We affirm Judge Cothran's order dismissing the case. Evidence in the record supports the lower courts' determination that Tedder resided in House District 109 at the time he filed his SIC. *See Gantt v. Selph*, 423 S.C. 333, 341–42, 814 S.E.2d 523, 528 (2018) (adopting the "any evidence" standard of review to analyze the factual and legal basis for a circuit court's ruling in a declaratory judgment action challenging the residency of a candidate for office); *see also* S.C. Const. art. III, § 7.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**